```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**JERRY HANNAH,**

       Plaintiff,

v.                                 Civil Action No. 2:20-cv-00617

**MULLINS FAMILY FUNERAL HOME, LLC;**
**and JOSEPH MULLINS, individually,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendants Joseph Mullins and Mullins Family Funeral Home, LLC's motion (ECF No. 133), filed October 25, 2021, requesting leave to file under seal two exhibits attached to their motion for summary judgment ("defendants' motion to seal"). Also pending is plaintiff Jerry Hannah's motion (ECF No. 142), filed November 15, 2021, requesting leave to file under seal four exhibits attached to his response to the defendants' motion for summary judgment ("plaintiff's motion to seal").

In their motion, defendants state that the two exhibits they seek to file under seal, Exhibits G and H, "contain 'Confidential' information." ECF No. 133. Upon review, it appears that the Exhibit G is an IRS Form 2553 and

Exhibit H contains scanned copies of checks written by Mullins Family Funeral Home (the "Funeral Home").

In his motion, plaintiff argues that the four exhibits he seeks to file under seal (Exhibits B, C, F, and H) "contain sensitive personal and financial information of the parties and third parties, and have been designated 'confidential' pursuant to the Court's protective order." ECF No. 142, at 1. Additionally, he states that "[g]iven the volume of documents contained in the exhibits, and the extent to which they contain confidential and sensitive information throughout, alternatives such as redaction are inadequate." Id. Upon review, the court notes that the exhibits include: (1) the deposition of Mullins, (2) a check written by the Funeral Home, (3) a report on the Funeral Home's financial records written by Financial Advisor Ronnie Spence, and (4) a ledger of the Funeral Home's expenses from January 1, 2020 to December 31, 2020.

The Local Rules of Civil Procedure for the Southern District of West Virginia provides as follows:

> The rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it.  The rule may be abrogated only in exceptional circumstances.

L.R. Civ. P. 26.4(c)(1); accord <u>Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co.</u>, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of [court] records . . . is necessary in the long run so that the public can judge the product of the courts in a given case."). The Local Rules of Civil Procedure require a party seeking to seal documents to submit a memorandum of law containing:

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;
>
> (B) the requested duration of the proposed seal; and
>
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

L.R. Civ. P. 26.4(c)(2).

The court finds that the parties have failed to comply with the directives of Local Rule 26.4(c)(2). Neither the defendants nor the plaintiff filed a memorandum of law explaining why the exhibits need to be sealed, how long they expect the seal to last, or the propriety of the seal under the common law and First Amendment. The parties' generic statements about the confidential nature of the exhibits are insufficient.

Accordingly, it is ORDERED that the defendants' motion to seal (ECF No. 133) and plaintiff's motion to seal (ECF No.

142) be, and hereby are, DENIED without prejudice. The exhibits sought to be sealed shall remain under seal pending the filing, on or before December 8, 2021, of the same exhibits in redacted form for the public docket.

In that connection, Local Rule of Civil Procedure 5.2.1(a) provides litigants with rules regarding the submission of documents containing personal identifying information or financial account numbers. According to this Rule, redaction should be limited to social security numbers, names of minor children, dates of birth, and financial account numbers.

The court hereby ORDERS that the parties, in re-filing their exhibits, do so in accordance with the directives of Local Rules 5.2.1 and 26.4(c) and the authorities referred to in the protective order entered on December 9, 2020.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: November 24, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge