```
         UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**JERRY HANNAH,**

      Plaintiff,

v.                                              Civil Action No. 2:20-cv-00617

**MULLINS FAMILY FUNERAL HOME, LLC;**
**and JOSEPH MULLINS, individually,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant's Motion, Pursuant to Fed. R. Civ. P. 37(c)(1), to Preclude Testimony from Plaintiff's Disclosed Expert Witnesses Patrick M. Smith, CPA, ABV, CGMA, and Daniel L. Selby, MBA, CPA, CFF, CVA, for Failure to Comply with Disclosure Requirements of Fed. R. Civ. P. 26(a)(2)(B) (ECF No. 136), filed October 25, 2021.

Per the court's amended scheduling order dated June 4, 2021, the deadline for plaintiff's initial expert disclosures was set for August 6, 2021. ECF No. 77. Discovery was to close on October 5, 2021. Id. On August 6, 2021, plaintiff made his initial expert disclosures and identified Patrick M. Smith, CPA, ABV, CGMA ("Mr. Smith") and Daniel L. Selby, MBA, CPA, CFF, CVA ("Mr. Selby") as individuals who may be called to testify as

expert witnesses.  ECF No. 89; ECF No. 141-1.

In their pending motion, defendants argue that the initial reports provided to the defendants did "not contain a complete or even base statement of all opinion the witnesses will express and the basis and reasons for them or the fact[s] or data considered by the witness in forming them."  ECF No. 136, at 1–2.  When this deficiency was pointed out to plaintiff, "Defendants received a response by letter dated August 26, 2021, further indicating that as discovery was completed more substantive reports would be provided," but defendants aver that no such reports were received.  Id. at 2 (citing ECF No. 131-2, at 3).  Accordingly, the defendants ask the court for an order precluding plaintiff from eliciting testimony from the plaintiff's disclosed experts.  Id. at 3.

In response, plaintiff maintains that he produced his expert witness disclosure in accordance with the court's scheduling order and remarks that in his disclosure he "noted that discovery was ongoing and that he would supplement his disclosure as additional discovery was made available."  ECF No. 141, at 2 (citing ECF No. 141-1, at 1).  According to plaintiff, at the time the disclosures were made, multiple relevant depositions had not yet been taken.  Id.  Additionally, plaintiff avers that the "Defendants had failed to produce

2

relevant and substantial financial information, including the funeral home's 2020 general ledger and 2020 tax returns, until late October, more than two weeks after the close of discovery" on October 5, 2021.  Id.

Plaintiff also contends that he promptly responded to the defendants' concerns about the allegedly inadequate disclosure and that the defendants were informed "that Defendants['] outstanding discovery was critical for Plaintiff's experts to fully opine on the issues in the case, and Plaintiff would timely supplement his report once that information was received."  Id.

Finally, plaintiff submits the following timeline: (1) depositions relevant to the expert reports were not concluded until October 4, 2021; (2) the defendants did not produce the Funeral Home's general ledger and tax returns until October 19, 2021, and (3) plaintiff "immediately provided the additional necessary discovery to Mr. Smith and promptly supplemented his expert disclosure on November 4, 2021, producing Mr. Smith's complete expert report."  Id.  Plaintiff states that he did not file a supplemental report for Mr. Selby, however he no longer intends to use Mr. Selby as a witness at trial.  Id. at 3.

In reply, the defendants assert that plaintiff waited an entire month after depositions were complete to supplement

the expert report from Mr. Smith and that plaintiff could have produced an initial report with the defendant's 2017–2019 tax information and then supplemented it when the 2020 became available.  Id.   Finally, the defendants suggest that the two-week delay between their October 19, 2021 disclosures and the November 4, 2021 disclosure of Mr. Smith's final report was untimely.  See id.

Defendants continue to allege that they have been prejudiced in their ability to complete their dispositive motions and accordingly reassert their request that the court strike the report of Mr. Smith and preclude him from testifying at trial.  Finally, defendants submit that "[a]t a minimum, Defendants should be permitted to supplement [their] dispositive motions following the deposition of Mr. Smith[.]"  Id.

Pursuant to Federal Rule of Civil Procedure 37(c)(1),

> if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

A party's failure to disclose or failure to supplement expert reports "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." Saudi

4

v. Northrop Grumman Corp., 427 F.3d 271, 278 (4th Cir. 2005). Accordingly, district courts have the discretion to issue sanctions under Rule 37 for untimely or incomplete disclosures. Id. at 278-79.

In this instance, however, the court is unable to find that plaintiff's expert disclosures were incomplete or untimely. In his timely expert witness disclosure on August 6, 2021, plaintiff plainly states that the attached reports were "preliminary and may be augmented, supplement, or revised as additional discovery is completed." ECF No. 141-1, at 1. Consistent with that statement, plaintiff provided the defendants with a supplemented report only two weeks after the defendants provided plaintiff with the 2020 tax information from the Funeral Home.

Finally, the court notes that the defendants have filed a supplemental memorandum of law in support of their motion for summary judgment addressing the opinions made by Mr. Smith, the court's consideration of which appears to remediate any potential prejudice caused by Mr. Smith's report being submitted after the dispositive motion deadline. See ECF No. 173.

In light of the foregoing, the court ORDERS that the defendants' motion (ECF No. 136) be, and hereby is, denied.

The Clerk is requested to transmit this order to all counsel of record and to any unrepresented parties.

ENTER: January 19, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge