```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JERRY HANNAH,

    Plaintiff,

v.                                    Civil Action No. 2:20-cv-00617

MULLINS FAMILY FUNERAL HOME, LLC;
and JOSEPH MULLINS, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendants' Motion to Seal Portions of Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (ECF #143) and for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b) (ECF No. 144), filed November 18, 2021.

### I. Background

Jerry Hannah ("Hannah") filed this civil action alleging that he entered into a contractual agreement with the Defendant Joseph Mullins ("Mullins") pursuant to which Hannah would provide $80,000 as startup capital for a funeral home in exchange for a 30% share in the business. Thereafter Mullins Family Funeral Home, LLC (the "Funeral Home") was formed. Hannah alleges that although he provided the startup capital as agreed, Mullins failed to honor his end of the deal. Hannah's

complaint avers that Mullins has failed to provide Hannah with distributions, as required by the agreement, and that both Mullins and the Funeral Home are liable for unjust enrichment.

The defendants filed their motion for summary judgment on October 25, 2021. ECF No. 134. On the same day, the defendants filed a motion to file exhibits in support of their motion for summary judgment under seal. ECF No. 133. On November 15, 2021, Hannah filed his response to the defendants' motion as well as a motion for leave to file certain exhibits under seal. ECF No. 142; ECF No. 143.

In response to the defendants' motion for summary judgment, Hannah states that Mullins used the Funeral Home's account "to fuel everything from his personal vehicles to his taste for extreme pornography." ECF No. 143, at 1. As evidence to support his claim that Mullins used the business account to pay his personal bills and expenditures, Hannah cited to a report on the Funeral Home authored by a financial advisor by the name of Ronnie Spence. Id. at 3–4 (citing Exhibit F, ECF No. 156-5). Within the text of his responsive memorandum, Hannah also reprinted a portion of Exhibit F, an excerpt from an August–September 2018 Suddenlink cable bill which lists the titles of a number of pornographic videos (but does not include the images) Mullins purchased. ECF No. 143, at 4. The

2

Suddenlink bill was paid using the Funeral Home's account. Exhibit F.

On November 24, 2021, the court entered a memorandum opinion and order denying, without prejudice, the parties' motions to seal.  ECF No. 148.  In that order, the court found that the parties had failed to comply with the Local Rules of Civil Procedure for the Southern District of West Virginia, which require a party seeking to seal documents to submit a memorandum of law explaining the reasons why the document must be sealed, the requested length of the seal, and the propriety of the seal, "giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme court and our Court of Appeals."  Id. at 3; L.R. Civ. P. 26.4(c)(2).

Inasmuch as the parties had neglected to file such memoranda in support of their motions to seal, the court ordered the parties to refile their exhibits, in accordance with the Local Rules and the authorities referred to in their protective order.  ECF No. 148, at 4.  That has since been done by the filing of properly redacted exhibits.  The only exhibit the defendants continue to question is Exhibit F.

While Hannah's motion to seal included Exhibit F, the document that contains the Suddenlink bill, Hannah has since

3

refiled the document with the redaction of only the information listed in Local Rule 5.2.1(a) (social security numbers, names of minor children, dates of birth, and financial account numbers). ECF No. 146-5. The refiled exhibit does not redact the titles of the films.

## II. Law & Analysis

A. <u>Motion to Seal</u>

"Publicity of [court] records ... is necessary in the long run so that the public can judge the product of the courts in a given case." <u>Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.</u>, 203 F.3d 291, 303 (4th Cir. 2000); <u>accord</u> L.R. Civ. P. 26.4(b)(1) ("The rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it.").

The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 (1978); <u>Stone v. Univ. of Maryland Med. Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. <u>Nixon</u>, 435 U.S. at 598-99; <u>In re Knight Publ'g Co.</u>, 743 F.2d

4

231, 235 (4th Cir. 1984). Our court of appeals has observed as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Va. Dept. of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235).

Whether derived from the First Amendment or the common law, the right of access "may be abrogated only in unusual circumstances." Id. at 576. This principle is emphasized in this court's local rules:

> The rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it. The rule may be abrogated only in exceptional circumstances.

L.R. Civ. P. 26.4(b)(1).

If a court determines that sealing is necessary, it must "state the reasons for [the] decision to seal supported by specific findings," "consider alternatives to sealing the documents," and "give notice to the public by docketing the

5

order sealing the documents." Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 435 (4th Cir. 2005).

Defendants suggest that Hannah disclosed the pornographic film titles for improper purposes. ECF No. 144, at 3–4 (citing Knight, 743 F.2d at 235). Specifically, the defendants submit that although the amounts listed on the Suddenlink bill "may be arguably relevant to the issues before the Court, the titles listed in the bill manifestly are not." Id. at 3; see ECF No. 155, at 2 ("Unlike the corresponding amounts of money expended in purchasing them which admittedly may have some relevancy, publishing the titles themselves have no relevancy and publishing them in a public court file serves no legitimate purpose in this case beyond embarrassing and humiliating defendant Joseph Mullins."). The defendants, contending that the film titles bear no relevance on the issues before the Court, submit that there cannot be a public interest in spreading them on the open docket. ECF No. 144, at 3; ECF No. 155, at 3.

In response, Hannah notes that this court already denied a motion to seal the relevant exhibit and submits that the defendants have failed to overcome "the First Amendment and common law principles that 'court proceedings are presumptively

6

open to public scrutiny.'" ECF No. 149, at 5 (quoting Va. Dep't of St. Police, 386 F.3d at 575).

The court acknowledges that the defendants have an interest in avoiding the potentially embarrassing effects of being associated with the film titles. Nevertheless, this court has previously found that "[e]mbarrassment, by itself, is generally insufficient to justify secrecy." Price v. Tuggle, No. CV 2:16-1529, 2016 WL 4098547 (S.D.W. Va. July 28, 2016); see Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal its records.").

Inasmuch as the defendants have failed to present the court with compelling circumstances that warrant redaction or sealing of the film titles, the court concludes that it must deny the motion to seal.

B. Motion for Sanctions

Under Rule 37, the court has the power to sanction parties for discovery misconduct. In Mutual Federal Savings and Loan Association v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir.1989), the Fourth Circuit emphasized that district courts should apply a four-part test when determining

7

appropriate sanctions under Rule 37(b). The four factors the court must consider are:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary ....; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503–04 (4th Cir. 1977)).

If the court determines that sanctions are appropriate,

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).[1]

The defendants in this case ask the court to impose sanctions on Hannah in the form of attorney's fees and costs related to the filing of this motion. ECF No. 144, at 3. The

---

1   Rule 37(b)(2)(A)(i)-(iv) provides that the court may: (1) direct that certain matters or facts be taken as established; (2) prohibit the disobedient party from supporting or opposing specific claims or defenses; (3) strike a pleading; or (4) or stay the action until the court's order is obeyed.

8

basis for sanctions being Hannah's purported violation of the protective order entered on December 9, 2020.

The parties' protective order provides a mechanism for using material marked as "confidential" at the post-discovery stage of litigation.  ECF No. 23, at 3–4.  Specifically, it provides that if an attorney wishes to use material that has been disclosed as confidential as an exhibit,

> s/he must provide reasonable notice to the party that produced the document or material.  The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case.  If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution.  The proponent of continued confidentially will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the *Administrative Procedures for Electronic Filing in the Southern District of West Virginia* § 12, and (c) controlling precedent.

**Id.**

Numerous courts in this circuit have recognized that Rule 37(b) sanctions may be available for violations of a protective order.  <u>SAS Inst. Inc. v. World Programming Ltd.</u>, No. 5:10-CV-25-FL, 2014 WL 1760960 (E.D.N.C. May 1, 2014) (collecting cases).

It is likely that Hannah's actions amount to a technical violation of the protective order. Nevertheless, inasmuch as the court has already concluded that the defendants have failed to carry their burden of persuading the court that the material should be withheld from the public, the court finds that any resulting violation of the protective order is not substantial and has not prejudiced the defendants. Accordingly, the court sees no specific need for deterrence and therefore denies the defendants' motion for sanctions under Rule 37.

### III. Conclusion

In light of the foregoing, the Court ORDERS that the Defendants' Motion to Seal Portions of Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b) (ECF No. 144) be, and hereby is, DENIED.

The Clerk is requested to transmit this Order and Notice to all counsel of record and to any unrepresented parties.

ENTER: January 19, 2022

John T. Copenhaver, Jr.
Senior United States District Judge